UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSEPH DAVIS**  CIVIL ACTION NO. _____

**VERSUS**  JUDGE: _____

**EAST BATON ROUGE PARISH SHERIFF'S OFFICE, EAST BATON ROUGE PARISH, LOUISIANA; SID J. GAUTREAUX, III, IN HIS OFFICIAL CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH SHERIFF'S OFFICE; AND JAMES W. COOPER; MATTHEW G. HOLLEY, JACQUELINE BAILEY, DEVIN JARREAU, AND JOHN MICHAEL KNAPP, ALL INDIVIDUALLY AND ALL IN THEIR OFFICIAL CAPACITY AS DEPUTIES WITH THE EAST BATON ROUGE PARISH SHERIFF'S OFFICE, EAST BATON ROUGE PARISH, LOUISIANA**  MAGISTRATE JUDGE: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRO SE COMPLAINT AND DEMAND FOR JURY TRIAL

The Complaint of Joseph Davis, a resident of full age of majority of East Baton Rouge Parish, Louisiana, who, in proper person, alleges as follow and seeks the relief requested herein:

1.

This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (federal question), 28 U.S.C. Section 1367, affording supplemental jurisdiction over Petitioner's claims arising under state law, and/or 28 U.S.C. Section 1343.

2.

Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. Section 1391 as this district is a judicial district in which a substantial part of the acts and/or omissions giving

rise to the Petitioner's claims occurred. In particular, defendants' actions against this Petitioner occurred as the result of a motor vehicle traffic stop on Interstate 12 eastbound near the Sherwood Forest Boulevard exit within the Parish of East Baton Rouge, Louisiana.

3.

The above-captioned defendants are justly and truly indebted unto Petitioner, jointly and in solido as allowed by law, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees if incurred, litigation expenses, interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law and/or in equity.

4.

Made defendants herein are:

1.) East Baton Rouge Parish Sheriff's Office, East Baton Rouge Parish, Louisiana, a governmental entity domiciled in the Parish of East Baton Rouge, Louisiana;

2.) Sid J. Gautreaux, III, in his official capacity as Sheriff of the East Baton Rouge Parish Sheriff's Office, Baton Rouge, Louisiana, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

3.) James W. Cooper, individually and in his official capacity as a Deputy Sheriff with the East Baton Rouge Parish Sheriff's Office, Baton Rouge, Louisiana, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

4.) Matthew G. Holley, individually and in his official capacity as a Deputy Sheriff with the East Baton Rouge Parish Sheriff's Office, Baton Rouge, Louisiana, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

5.) Jacqueline Bailey, individually and in her official capacity as a Deputy

Sheriff with the East Baton Rouge Parish Sheriff's Office, Baton Rouge, Louisiana, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

6.) Devin Jarreau, individually and in his official capacity as a Deputy Sheriff with the East Baton Rouge Parish Sheriff's Office, Baton Rouge, Louisiana, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

7.) John Michael Knapp, individually and in his official capacity as a Deputy Sheriff with the East Baton Rouge Parish Sheriff's Office, Baton Rouge, Louisiana, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

5.

On or about November 9, 2007, in the Middle District of Louisiana, Petitioner, a black man, was illegally stopped in his motor vehicle without probable cause by deputy defendants, East Baton Rouge Parish Sheriff's Deputies James W. Cooper and Matthew G. Holley, while the Petitioner was driving eastbound on Interstate 12 near the Sherwood Forest Boulevard exit.

6.

Immediately following the traffic stop, defendant Deputy Cooper engaged Petitioner without Petitioner's consent in a choke-hold as Petitioner exited Petitioner's vehicle, wherein Petitioner could neither breathe nor swallow. As Petitioner dropped to the ground, Petitioner was immediately handcuffed with Petitioner's hands behind his back, after which time defendant Deputy Holley discharged his department-issued X-26 Taser into Petitioner's body, without cause whatsoever and without Petitioner's consent.

7.

Thereafter, additional deputies arrived at the scene, including deputy defendants Jacqueline Bailey, Devin Jarreau and John Michael Knapp. After deputy defendant Bailey's

arrival, deputy defendant Bailey discharged her department-issued X-26 Taser in Petitioner's body, without cause whatsoever and without Petitioner's consent.

8.

In addition, all the while Petitioner was handcuffed with Petitioner's hands behind his back and lying on the ground, Petitioner without his consent and without cause whatsoever was kicked and hit about his head, face and torso areas, repeatedly.

9.

Moreover, while handcuffed with his hands behind his back and lying on the ground, deputy defendant Jarreau sprayed Petitioner in Petitioner's face with Freeze + P mace, without cause whatsoever and without Petitioner's consent. Petitioner at no time resisted arrest.

10.

At a result of this unlawful and illegal attack upon Petitioner's person, Petitioner ultimately lost consciousness. Upon regaining consciousness a brief time later, an ambulance with the City of Baton Rouge Emergency Medical Services Department, Parish of East Baton Rouge, was summoned to the scene, wherein Petitioner was transported for treatment to Earl K. Long Hospital on Airline Highway in Baton Rouge, Louisiana, for treatment of his bodily injuries, including head and eye injuries as well as cuts and abrasions, all caused by the physical beating, tasing and/or macing. Petitioner also suffered up to nine different points of contact on his person, including his back, arms and legs from the X-26 Taser electrical probes, from which Petitioner bears permanent scars.

11.

On November 28, 2007, Petitioner filed a formal police brutality complaint with the Internal Affairs of the East Baton Rouge Parish Sheriff's Office. As of today's date, Petitioner

has never been contacted nor informed of any action taken on his behalf as a result of his complaint.

12.

At all times pertinent hereto, all named deputy defendants were employed by defendant East Baton Rouge Parish Sheriff's Office, and were persons acting under color of authority within the meaning and intent of 42 U.S.C. Section 1983. At all times pertinent hereto, Petitioner enjoyed clearly established rights of due process, equal protection of the laws, and liberty pursuant to the Fourth and 14th Amendments of the United States Constitution. The named deputy defendants clearly impaired, interfered with and abridged Petitioner's clearly established rights, all in violation of 42 U.S.C. Section 1983.

13.

Petitioner also additionally contends that the deputy defendants' conduct also violated La. Civ. C. Art. 2315, for which Petitioner also sues under for relief. Petitioner further avers that the deputy defendants used excessive force that resulted in significant injury to Petitioner and which action was patently unreasonable under the circumstances, contrary to federal and Louisiana law..

14.

Deputy defendants' actions also constituted the intentional torts of assault and battery, in that Petitioner was placed in a reasonable apprehension of receiving physical harm and/or Petitioner was touched without his consent and/or with any other legal justification.

15.

Further, actions of the deputy defendants also caused Petitioner to suffer extreme, outrageous, sudden and unexpected emotional distress.

16.

At all times pertinent hereto, defendants East Baton Rouge Parish Sheriff's Office and Sid J. Gautreaux, III, Sheriff of the East Baton Rouge Parish Sheriff's Office through his predecessor in office are vicariously liable for the acts and/or omissions of the named deputy defendants as respondeat superiors of those deputy defendants, in that defendant East Baton Rouge Parish Sheriff's Office is the employer of the deputy defendants who were acting within their course and scope of employment.

17.

At all times pertinent hereto, defendant Gautreaux and/or his predecessor in public office on November 9, 2007, is the defendant East Baton Rouge Parish Sheriff's Office's chief policy maker and highest ranking officer. Defendants Gautreaux through his predecessor in public office and the East Baton Rouge Parish Sheriff's Office both failed to properly train, adequately supervise and/or properly review the actions and/or omissions of the named deputy defendants. Accordingly, these defendants' actions constitute negligence under La. Civ. Code art. 2315.

18.

Upon information and belief, at all times pertinent hereto, defendant East Baton Rouge Parish Sheriff's Office had no formal policy and/or proper training on the deployment of the X-26 Tasers by these named deputy defendants. As a result, the actions of these deputy defendants were committed in wanton and reckless disregard as to the Petitioner's health, safety and welfare and/or without reasonable and/or proper legal justification.

19.

As a result of the incident herein described, Petitioner suffered damages, which include but are not limited to, physical pain and suffering, past lost wages and earnings, past and future

medical expenses, humiliation, embarrassment, permanent disfigurement and scarring, severe emotional distress and mental anguish, and such other damages as will be more fully shown at trial and all for which Petitioner sues for herein.

20.

The defendant deputies acted in wanton and reckless disregard of Petitioner's protected rights. All named defendants are liable unto Petitioner for punitive damages pursuant to 42 U.S.C. Section 1983.

21.

Should Petitioner be able to retain the services of a lawyer, Petitioner is additionally entitled to and desires an award of attorney's fees pursuant to 42 U.S.C. Section 1988 and/or other applicable Louisiana law.

22.

Petitioner is entitled to and desires an award of all such other relief to which he is entitled at law or in equity.

23.

Petitioner is entitled to and desires trial by jury in this matter.

WHEREFORE, Petitioner Joseph Davis prays for trial by jury, and after due proceedings are had, that there be judgment herein in his favor and against defendants, East Baton Rouge Parish Sheriff's Office, East Baton Rouge Parish, Louisiana; Sid J. Gautreaux, III, in his official capacity as Sheriff of the East Baton Rouge Parish Sheriff's Office; and James W. Cooper, Matthew G. Holley, Jacqueline Bailey, Devin Jarreau and John Michael Knapp, in their individual capacities as well as their official capacities as Deputies with the East Baton Rouge Parish Sheriff's Office, East Baton Rouge Parish, Louisiana, for all sums as are reasonable under

the premises, attorney's fees if incurred, punitive damages as allowed by law, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,

*Joseph Davis*
JOSEPH DAVIS
Pro Se Petitioner
5845 St. Katherine Avenue
Baton Rouge, LA 70805
Phone: 225.247-9972

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH DAVIS          CIVIL ACTION NO. _____

VERSUS          JUDGE: _____

EAST BATON ROUGE PARISH    MAGISTRATE JUDGE: _____
SHERIFF'S OFFICE,
EAST BATON ROUGE PARISH, LOUISIANA;
SID J. GAUTREAUX,III,
IN HIS OFFICIAL CAPACITY AS
SHERIFF OF EAST BATON ROUGE
PARISH SHERIFF'S OFFICE;
AND JAMES W. COOPER; MATTHEW
G. HOLLEY, JACQUELINE BAILEY,
DEVIN JARREAU, AND JOHN MICHAEL KNAPP,
ALL INDIVIDUALLY AND ALL IN THEIR OFFICIAL
CAPACITY AS DEPUTIES WITH THE
EAST BATON ROUGE PARISH SHERIFF'S
OFFICE, EAST BATON ROUGE PARISH, LOUISIANA

             ****************************************

## VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

      BEFORE ME, Notary Public, personally came and appeared:

## JOSEPH DAVIS

a resident of the full age of majority of East Baton Rouge Parish, Louisiana, who, upon being

duly sworn, did depose and state that he is the pro se Petitioner in the above and foregoing

Complaint, that he has read same and that under the penalty of perjury, all the facts and

allegations contained in the foregoing Pro Se Complaint herein are true and correct to the best of

his information, knowledge and belief.

_____
JOSEPH DAVIS
Pro Se Petitioner
5845 St. Katherine Avenue
Baton Rouge, LA 70805
Phone: 225.247-9972

SWORN TO AND SUBSCRIBED before me, Notary Public, this 7th day of November, 2008,

at Baton Rouge, Louisiana.

Mary Ann Mabile

Notary Public (printed name)

Mary Ann Mabile
#11697

Notary Public (signature)

ADDRESS: 57945 Joffrion St. #2
Plaquemine, La 70764