UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH DAVIS

CIVIL ACTION

VERSUS

EAST BATON ROUGE PARISH SHERIFF'S
OFFICE; SID J. GAUTREAUX IN HIS
OFFICIAL CAPACITY AS SHERIFF OF EAST
BATON ROUGE PARISH SHERIFF'S OFFICE;
ET AL

No. 08-C-708

## RULING ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss (Doc. No. 7) filed by Defendants, East Baton Rouge Parish Sheriff's Office ("Sheriff's Office"), East Baton Rouge Parish Sheriff Sid J Gautreaux, III ("Gautreaux"), James W. Cooper ("Cooper"), Jacqueline Bailey ("Bailey"), Devin Jarreau ("Jarreau"), John Michael Knapp ("Knapp"). Plaintiff, Joseph Davis, has filed opposition (Doc. No. 13). Jurisdiction is allegedly based on federal question, 28 U.S.C. § 1331. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendant's motion should be **GRANTED** in part and **DENIED** in part for the following reasons.

## BACKGROUND

Plaintiff asserts that on or about November 9, 2007, he was traveling on Interstate 12 when Defendants, East Baton Rouge Parish Deputy Sheriffs James Cooper and Matthew Holley, stopped his vehicle without "probable cause." While

Doc#1856                           1

exiting his vehicle pursuant to the stop, Plaintiff alleges that Cooper engaged him in a choke hold and that he was thereafter placed in handcuffs and forced to the ground while Holley discharged his Taser into Plaintiff's body.

Plaintiff further alleges that East Baton Rouge Parish Deputy Sheriffs Bailey, Jarreau, and Knapp arrived on the scene shortly thereafter and that Bailey discharged another Taser into Plaintiff's body, Jarreau sprayed Plaintiff with mace, and the other officers repeatedly kicked and hit Plaintiff about his head, face, and torso.

As a result of the incident, Plaintiff alleges state law claims of negligence, assault, battery, and emotional distress, and a federal claim pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's Fourth and Fourteenth Amendment constitutional rights against all named defendants.

On February 9, 2009, Defendants filed a Motion for Summary Judgment asserting that: (1) The Sheriff's Office has no legal capacity to be sued, (2) Gautreaux was not the Sheriff at the time relevant to this cause of action and therefore cannot be held individually liable for the alleged negligent acts of his predecessor; and that (3) Plaintiff has failed to plead specific facts that overcome the defendants' defense of qualified immunity.

## STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to

dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[1] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[2] "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not the plaintiff pleads itself out of court."[3]

## ANALYSIS

### I. The Sheriff's Office Has No Legal Capacity To Be Sued

Defendants argue that the East Baton Rouge Parish Sheriff's Office is an entity which has no legal capacity to be sued. Plaintiff properly concedes this point in his Memorandum in Opposition to Defendant's Motion to Dismiss.[4]

Under Louisiana law, the Sheriff's Office itself is a non-entity incapable of being sued.[5] Accordingly, "[i]n a suit under Louisiana tort law against a sheriff,

---

[1] **In re Katrina Canal Breaches Litigation**, 495 F.3d 191, 205 (5th Cir.2007) (quoting **Bell Atlantic v. Twombly**, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

[2] **Bell Atlantic**, 127 S.Ct. at 1965.

[3] **E.E.O.C. v. Concentra Health Services, Inc.**, 496 F.3d 773, 777 (7th Cir.2007) (quoting **Bell Atlantic v. Twombly**, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

[4] Record Document No. 13, p. 1.

[5] **Cozzo v. Tangipahoa Parish Council**, 279 F.3d 273, 283 (5th Cir.2002).

seeking to hold him vicariously liable for the tort of his employee or deputy, and not because of the sheriff's own negligence, the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff."[6] Therefore, all state law claims alleged against East Baton Rouge Parish Sheriff's Office must be dismissed.

## II. Gautreaux May be Held Liable for the Torts for Which His Predecessor was Vicariously Liable

Defendants allege that Plaintiff has no cause of action against Sheriff Gautreaux because Gautreaux was not the Sheriff of East Baton Rouge Parish when the complained of incidents occurred. Specifically, Defendants contend that:

> "Since Sid J. Gautreaux, III, did not become sheriff until December 4, 2007, he cannot be held individually liable for the alleged negligent acts of his predecessor, Greg Phares, occurring in November of 2007. Accordingly, plaintiff's claims against Sid J. Gautreaux, III, in his [o]fficial [c]apacity as Sheriff of East Baton Rouge Parish Sheriff's Office should be dismissed with prejudice at plaintiff's cost."[7]

In support of this argument, Defendants cite **Liberty Mutual Insurance Company v. Grant Parish Sheriff's Dept.**, 350 So.2d 236 (La. App. 3rd Cir.1977), *writ denied*, 352 So.2d 235 (La.1977), a case that held that a present sheriff could not be liable in his official capacity for the alleged acts of negligence

---

[6] **Burge v. Parish of St. Tammany**, 187 F.3d 452, 470 (5th Cir. 1999) (citing **Jenkins v. Jefferson Parish Sheriff's Office**, 402 So.2d 669, 671 (La.1981); **Riley v. Evangeline Parish Sheriff's Office**, 637 So.2d 395 (La.1994)).

[7] Record Document No. 7-2, p. 4.

committed by a former sheriff. Defendant's reliance on **Liberty** is misplaced, however, as **Liberty** was overruled by **Jenkins v. Jefferson Parish Sheriff's Office**, 402 So.2d 669 (La.1981).[8]

Indeed, this Court is troubled by the failure of Defendants' counsel even to mention **Jenkins**, much less, to make a good faith argument as to why it should not control. Although no sanctions will be imposed, Defendants' counsel would be well served to remember their ongoing obligation to provide the Court with all relevant authority on an issue, for and against their stated position.[9]

Equally troubling is the fact that Plaintiff's counsel, in reliance on Defendants' erroneous citation of the law, has amended his client's original complaint to add Greg Phares, the former East Baton Rouge Parish Sheriff, as defendant in place of the current East Baton Rouge Parish Sheriff, Sid Gautreaux.[10] Nevertheless, the Court will grant Plaintiff leave to file an amended complaint to add the current Sheriff (in his official capacity) as defendant and remove the prior Sheriff as defendant.

---

[8] See **Riley v. Evangeline Parish Sheriff's Office**,637 So.2d 395 (La.1994)(per curiam)(wherein the Louisiana Supreme Court cited **Jenkins** for the proposition that "[a] successor sheriff may be held liable for the torts for which his predecessor was vicariously liable.").

[9] See Louisiana Rule of Professional Conduct 3.3(a)(2).

[10] See Record Document No. 13, p. 1 ("With respect to [Defendants' argument regarding the proper Sheriff to be sued], Plaintiff intends to request leave from this Honorable Court for purposes of amending the original complaint and substituting the property party defendant (Greg Phares).").

## III.   Defendants are Not Entitled to Qualified Immunity

Plaintiff claims Defendants stopped his vehicle without "probable cause," engaged him in a choke hold, and that he was thereafter handcuffed and forced to the ground while being Tased, beaten, and maced. Defendants contend that the plaintiff has failed to plead specific facts to overcome Defendant's qualified immunity defense.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[11] After a defendant has invoked qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[12] To discharge this burden, a plaintiff must: (1) "claim that the defendants committed a constitutional violation under current law"; and (2) "that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of."[13]  "To be 'clearly established' for purposes

---

[11] **Pearson v. Callahan**, --- U.S. ----, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citation omitted).

[12] **McClendon v. City of Columbia**, 305 F.3d 314, 323 (5th Cir.2002) (en banc).

[13] **Id.** (citing, e.g., **Wilson v. Layne**, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).

of qualified immunity, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[14]

The Fourth Amendment's protection against unreasonable search and seizure requires that officers refrain from using excessive force when effectuating an arrest.[15] Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' " against the countervailing governmental interests at stake.[16] Careful attention should be paid to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.[17]

Plaintiff contends that his hands were handcuffed behind his back, he was lying on the ground, and he was thereafter Tased, maced, and repeatedly kicked and hit on his head and torso without cause.[18] Plaintiff also alleges that he did

---

[14] **Kinney v. Weaver**, 367 F.3d 337, 349-50 (5th Cir.2004) (en banc) (alteration in original) (quoting **Anderson v. Creighton**, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

[15] **Graham v. Connor**, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

[16] **Id.** at 396 (internal citation omitted).

[17] **Id.** (internal citation omitted).

[18] Record Document No. 1, Plaintiff's Complaint, pp. 3-4, ¶ 6-9.

not resist arrest at any point during the altercation.[19] He also alleges that he lost consciousness, and sustained injuries to his head and eyes as well as other cuts and abrasions as a result of the alleged attack. On a Motion to Dismiss, this Court must accept all allegations in the complaint as true (even if doubtful in fact).[20] Therefore, the Court must analyze the reasonableness of Defendants' conduct in light of the foregoing facts.

Multiple Circuit Courts and at least one District Court within the Fifth Circuit have addressed situations similar to that which Plaintiff alleges herein. Specifically, these Courts have uniformly held that where a plaintiff is restrained, not resisting arrest, and is subsequently beaten, maced, Tased, etc. by police officers, such use of force is plainly excessive and not objectively reasonable.[21]

---

[19] Record Document No. 1, Plaintiff's Complaint, pp. 4, ¶ 9 ("Petitioner at no time resisted arrest").

[20] **Bell Atlantic**, 127 S.Ct. at 1965.

[21] **Gulley v. Elizabeth City Police Dept.**, 340 Fed.Appx. 108, 110 (3rd Cir. 2009) (police officers were not entitled to qualified immunity from arrestee's § 1983 excessive force claim arising from his arrest where suspect was beaten on the face and head while he was lying down and not resisting arrest); **Lewis v. Downs**, 774 F.2d 711, 714 (6th Cir.1985) (holding that beating and kicking restrained suspects who are in the control of the police is "plainly excessive" force); **Henderson v. Munn**, 439 F.3d 497, 502-03 (8th Cir.2006) (use of mace on prostrate, restrained arrestee who posed little or no threat to safety of officers or others was not objectively reasonable); **LaLonde v. County of Riverside**, 204 F.3d 947, 961 (9th Cir 2000)("the use of such weapons (e.g., pepper sprays; police dogs) may be reasonable as a general policy to bring an arrestee under control, but in a situation in which an arrestee surrenders and is rendered helpless, any reasonable officer would know that a continued use of the weapon or a refusal without cause to alleviate its harmful effects constitutes excessive force"); **Galvez v. Bruce**, 552 F.3d 1238, 1242-1243 (11th Cir. 2008) (concluding that excessive force was used in slamming a suspect into a concrete structure where he was suspected of having committed misdemeanors, was handcuffed, and offered no physical resistance); **Vinyard v. Wilson**, 311 F.3d 1340, 1348-1349 (11th Cir.2002) (holding that the officer used excessive force by discharging pepper spray into the eyes of an arrestee who was

This Court is persuaded by these opinions and therefore finds that Plaintiff's allegations are sufficient to withstand dismissal.

## CONCLUSION

Having carefully reviewed the record, the law, and the arguments of the parties, the Court finds that the East Baton Rouge Parish Sheriff's Office is an entity which has no legal capacity to be sued, Sheriff Gautreaux may be held liable for the torts for which his predecessor was vicariously liable, and Defendants are not entitled to a qualified immunity defense. Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. No. 7) be **GRANTED** insofar as it seeks dismissal of Plaintiff's claims against the East Baton Rouge Parish Sheriff's Office .

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. No. 7) is **MOOT** insofar as it seeks dismissal of Plaintiff's claims against Sheriff Gautreaux.

---

handcuffed, secured in the back of the patrol car, and posed no threat to the officer); **Slicker v. Jackson**, 215 F.3d 1225, 1233 (11th Cir.2000) (holding that officers used excessive force by repeatedly beating arrestee, "even though he was handcuffed and did not resist, attempt to flee, or struggle with the officers in any way"); **Johnson v. District of Columbia**, 528 F.3d 969 (D.C. Cir. 2008)(police officer's alleged conduct in repeatedly kicking potentially armed suspect in the groin after suspect had fallen to floor and remained there on his belly with his arms and legs spread, thereby causing great personal harm to suspect violated Fourth Amendment); **Howard v. Del Castillo**, 2001 WL 1090797, at *4 (E.D.La. Sept.17, 2001) (denying motions to dismiss and for summary judgment because the court could not rule out the possibility that excessive force was used after the plaintiff was in handcuffs and no longer resisting, which, if proved, would not be inconsistent with battery of an officer).

IT IS FURTHER ORDERED that Plaintiff be granted leave to amend his complaint in accordance with Section II of this Ruling. Plaintiff's amended complaint must be filed within 14 days from the date of this Ruling.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. No. 7) be **DENIED** insofar as it seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claims.

Baton Rouge, Louisiana, this 30th day of November, 2010.

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**