UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH DAVIS

VERSUS

EAST BATON ROUGE SHERIFF'S
OFFICE, ET AL.

CIVIL ACTION

NUMBER 08-708-BAJ-SCR

## RULING MOTION TO COMPEL DISCOVERY

Again before the court is the Motion to Compel Discovery Responses filed by defendants, Sid J. Gautreaux, III in his official capacity as Sheriff of East Baton Rouge Parish, James W. Cooper, Matthew G. Holley, Jacqueline Bailey, Devin Jarreau, and John Michael Knapp, individually and in their official capacities as deputies with the East Baton Rouge Parish Sheriff's Office. Record document number 36. Plaintiff did not file any opposition to the motion.

Defendants filed this motion to compel plaintiff Joseph Davis to respond to their Interrogatories and Request for Production of Documents served on January 6, 2015.[1] Defendants also sought an award of expenses incurred in connection with the motion.

Defendants provided evidence of their efforts to obtain the plaintiff's discovery responses prior to filing this motion. On February 9, 2015 the defendants sent correspondence to plaintiff's

---

[1] Record document number 36-2, Exhibit A.

counsel requesting discovery responses by February 23, 2015.[2]  On
February 23, 2015, the defendants sent a letter to the plaintiff's
counsel requesting discovery responses by March 9, 2015 and setting
a Rule 26 telephone conference for March 10, 2015.[3]  At the March
10 discovery conference the plaintiff's counsel agreed to provide
the discovery responses by March 20, 2015.[4]  After no responses
were received by that date, the defendants filed this motion to
compel on March 24, 2015.

At the April 16, 2015 scheduling conference counsel for the
plaintiff advised that he anticipated serving the plaintiff's
discovery responses that day.[5]  Counsel for the defendants advised
that she will review the plaintiff's discovery responses and then
advise the court whether this motion is moot, in full or in part.[6]
The court was later informed by telephone that the plaintiff's
discovery responses were received and were being reviewed, but it
appeared that some responses may be deficient.  The court issued
and Order to Supplement Motion to Compel Discovery which gave the
defendants until May 22, 2015 to advise the court whether the
motion is moot in full or in part, and as to any part not moot,
file a supplemental memorandum addressing whatever aspects of the

---

[2] Record document number 36-3, Exhibit B.

[3] Record document number 36-4, Exhibit C.

[4] Record document number 36-5, Exhibit D.

[5] Record document number 39, Status Conference Report.

[6] *Id.*

motion are not moot.⁷  Plaintiffs would then have until May 29, 2015 to file a reply memorandum.  Defendants timely filed a Supplemental Memorandum in Support of Motion to Compel Discovery Responses,⁸ but the plaintiff did not file any reply.

Having considered the defendants supplemental memorandum, the court finds that the defendants's motion should be granted as to the two interrogatories identified in the supplemental memorandum, Interrogatory Nos. 7 and 19.  As to Interrogatory No. 7, the plaintiff failed to identify any health care provider he saw during the past ten years.  Signed authorizations to obtain medical information are useless without the names of the health care providers.  As to Interrogatory No. 19, the plaintiff failed to provide any statement of what relevant information Gwendolyn Johnson has.  The answer "Open" is not sufficient.

In these circumstances, under Rule 37(d)(3) and (b)(2)(A), Fed.R.Civ.P., the defendants are entitled to an order imposing sanctions.  In these circumstances, as provided by Rule 37(b)(2)(A)(ii), it is appropriate to prohibit the plaintiff from supporting his claims with the records or testimony, in any form, from any health care provider he has seen during the past 10 years, i.e. since 2005, through May 29, 2015,⁹ and the testimony of

---

⁷ Record document number 40.

⁸ Record document number 41.

⁹ As to any health care provider seen May 30, 2015 or later, the plaintiff may be prohibited from relying on such providers's
(continued...)

3

Gwendolyn Davis, again in any form.

Defendants also sought an award of expenses, including attorney's fees. Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendants' motion shows that a good faith attempt was made to obtain the discovery responses without court action, that the plaintiff did not serve his discovery responses until after the motion was filed, and that the two of the responses were still deficient. Nothing in the record indicates that the plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, the defendants are entitled to reasonable expenses under Rules 37(a)(5)(A) and (d)(3). Defendants did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $500.00 is reasonable.

Accordingly, the defendant's Motion to Compel Discovery Responses is granted. As provided by Rule 37(b)(2)(A)(ii), plaintiff Joseph Davis is prohibited from supporting his claims with the records or testimony, in any form, from any health care provider he has seen during the past 10 years, i.e. since 2005,

---

[9](...continued)
records and testimony if the plaintiff fails to timely supplement his discovery responses. Rule 37(c).

through May 29, 2015, and the testimony of Gwendolyn Davis, again in any form.  Pursuant to Rule 37(d)(3), the plaintiff shall pay to the defendants, within 14 days, their reasonable expenses in the amount of $500.00.

Baton Rouge, Louisiana, June 17, 2015.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE