UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH DAVIS | CIVIL ACTION |
| VERSUS | |
| EAST BATON ROUGE SHERIFF'S OFFICE, ET AL. | NO.:08-00708-BAJ-EWD |

RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 47)**, filed by Sheriff Sid J. Gautreaux ("Sheriff Gautreaux"), Sergeant James W. Cooper ("Sgt. Cooper"), Deputy Matthew G. Holley ("Dep. Holley"), Deputy Jacqueline Bailey ("Dep. Bailey"), Deputy Devin Jarreau ("Dep. Jarreau") and Deputy John Michael Knapp ("Dep. Knapp") (collectively, "Defendants"). Defendants seek summary judgment on Joseph Davis's ("Plaintiff") excessive force claim and failure to train/supervise claim under 42 U.S.C. §1983, and state law claims of assault, battery, negligence, and intentional infliction of emotional distress. Plaintiff did not file an opposition. Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

I. BACKGROUND

This action arises out of a traffic stop on November 9, 2007. Plaintiff alleges that Sgt. Cooper and Dep. Holley of the East Baton Rouge Parish Sheriff's Office stopped him while he was driving eastbound on Interstate 12. (Doc. 1 at ¶ 5). Immediately following the stop, Plaintiff alleges that Sgt. Cooper placed him in a choke hold and he was unable to breathe or swallow. (*Id.* at ¶ 6). Thereafter, Plaintiff alleges that he dropped to the ground and was handcuffed with his hands behind his

back. (*Id.*). Once Plaintiff was on the ground, he alleges that Dep. Holley discharged a Taser X-26 into his body. (*Id.*).

Next, Plaintiff alleges that Deps. Bailey, Jarreau and Knapp arrived. (*Id.* at ¶ 6). Plaintiff alleges that Dep. Bailey proceeded to discharge her Taser X-26 and Dep. Jarreau used Freeze +P Spray on his face. (*Id.* at ¶¶ 7, 9). Plaintiff also alleges that unidentified deputies repeatedly kicked and hit him while he was lying handcuffed on the ground. (*Id.* at ¶ 8). Following the incident, Plaintiff alleges that he temporarily became unconscious, and when he regained consciousness, he was transported in an ambulance to Earl K. Long Hospital for treatment. (*Id.* at ¶ 10). Plaintiff alleges that he sustained injuries to his head, eyes, back, arms and legs. (*Id.*).

On November 7, 2008, Plaintiff filed the above captioned action. (Doc. 1). On January 27, 2011, this action was stayed pending the resolution of Plaintiff's underlying criminal case. (Doc. 26). In 2014, the Court lifted the stay after Plaintiff was convicted for possession of cocaine on September 13, 2012, and sentenced on March 15, 2013. (Doc. 33). Defendants now seek summary judgment on the grounds that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that there is no dispute of material fact as to Plaintiff's claims against the deputies in their official and individual capacities, and the Sheriff in his official capacity. (Doc. 47).

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be

2

genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

However, if the non-movant fails to file an opposition, as is the case here, the Court cannot grant a motion for summary judgment simply because there is no opposition. *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (quoting *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014)). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any

response was filed." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted).

## III.  DISCUSSION

### A.  *HECK v. HUMPHREY*

As a result of Plaintiff's conviction, Defendants contend that Plaintiff's claims are barred by *Heck* because he alleges that he was stopped without probable cause. (Doc. 47-2 at p. 8). Under *Heck*, a § 1983 claim must be dismissed if the adjudication of the claim would imply the invalidity of a plaintiff's prior criminal conviction or sentence. 512 U.S. at 486–87. Or in other words, *Heck* serves to bar a plaintiff's § 1983 claims if the underlying criminal offense and the alleged constitutional deprivation cannot legally co-exist. *See Ballard v. Burton*, 444 F.3d 391, 398 (5th Cir. 2006).

Applying *Heck* to this case, the Court finds that *Heck* does not bar Plaintiff's claims. First, Plaintiff alleges a § 1983 claim for excessive force, not false imprisonment or false arrest.[1] Plaintiff's reference to probable cause in his factual allegations is gratuitous as Plaintiff made no such reference when he alleged his causes of action. Second, Plaintiff's excessive force claim is separate and distinct from his possession charge.[2] *Handshaw v. Hilliard*, No. 1:14V304 JCG, 2015 WL 5177623,

---

[1] "To ultimately prevail on [a] section 1983 false arrest/false imprisonment claim, [a plaintiff] must show that [the officers] did not have probable cause to arrest him." *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001)). An excessive force claim, however, does not require a showing of probable cause.

[2] Defendants contend that Plaintiff's excessive force claim undermines his conviction and cite to *Ellis v. Columbus Police Department*, No. 1:07CV124-A-A, 2009 WL 1663454 (N.D. Miss. June 15, 2009). In *Ellis*, the plaintiff alleged that the defendant officers used excessive force to compel him to spit out a plastic bag containing cocaine. *Id.* at *2. During the underlying criminal proceedings, the trial court denied the plaintiff's motion to suppress the cocaine on the basis of excessive force. *Id.* at *7. The United States District Court for the Northern District of Mississippi concluded that the plaintiff's §

at *1 (S.D. Miss. Sept. 4, 2015) (analyzing plaintiff's excessive force claim and drug possession charge under *Heck* and concluding that they are "temporally and conceptually distinct"); *see Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("The officers' alleged use of excessive force during Guerrero's arrest does not preclude the possibility that Guerrero was still guilty of possession of narcotics."); *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (ruling that the excessive force claim was not barred by *Heck* because the plaintiff was not challenging the arrest or seizure of evidence, but the use of excessive force in effecting arrest).

### B. OFFICIAL CAPACITY CLAIMS

#### 1. Deputies[3]

Plaintiff alleges claims against each of the deputies in their official capacities under §1983. "An official-capacity lawsuit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Thus, the real party of interest is East Baton Rouge Parish.

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "the [parish], or its employees in their official capacities, could only be liable if the claimed constitutional deprivation resulted from a policy or custom of the [parish]." *Reese v.*

---

1983 excessive force claim was barred by *Heck* because a finding in favor of the plaintiff would contradict the trial court's decision on the motion to suppress. *Id.*

  Unlike *Ellis*, during the proceedings in Plaintiff's criminal action, he did not file a motion to suppress based on excessive force, but a motion to suppress for lack of probable cause. (Doc. 47-6). Because the gravamen of Plaintiff's claim is that the deputies used excessive force in effecting his arrest, Plaintiff's excessive force claim is not barred by *Heck*.

[3] The deputies include: Sgt. Cooper, Dep. Holley, Dep. Bailey, Dep. Jarreau and Dep. Knapp.

*Monroe Cty. Sheriff's Dep't*, 327 F. App'x 461, 464 (5th Cir. 2009) (citing *Monell*, 436 U.S. at 694). "A single incident can give rise to municipal liability only if the municipal actor who committed the constitutional violation 'is a final policymaker.'" *Medina v. Ortiz*, 623 F. App'x 695, 700 (5th Cir. 2015) (citation omitted). Here, there is no evidence in the record that a policy or custom was the cause of Plaintiff's alleged injuries, or that the deputies were final policymakers. Thus, summary judgment is **GRANTED** on Plaintiff's § 1983 claims against the deputies in their official capacities.

2. Sheriff Gautreaux

Plaintiff also alleges claims against Sheriff Gautreaux in his official capacity under the theory of respondeat superior and for failure to adequately train and supervise.[4] As an initial matter, the theory of respondeat superior does not give rise to a cognizable claim under § 1983. *Glotfelty v. Karas*, 512 F. App'x 409, 417 (5th Cir. 2013) (citing *Monell*, 436 U.S. at 694). Sheriff Gautreaux may, however, be held liable in his official capacity for failure to train or supervise. *Brown v. Bryan Cty., OK*, 219 F.3d 450, 457 (5th Cir. 2000).

To establish liability for failure to train or supervise, Plaintiff must show: "(1) the [supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the

---

[4] Plaintiff also alleges that the East Baton Rouge Parish Sheriff's Office did not have a "formal policy and/or proper training on the deployment of the X-26 Tasers." Doc. 1 at p. 6. This allegation is considered in conjunction with the failure to train and supervise allegation.

plaintiff's constitutional rights." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

According to the record, each of the deputies had weapons and defensive tactics training, and were POST Academy[5] certified. (Doc. 47-12, Blanta Summ. J. Aff.). The record also includes evidence of Taser X-26 training for Deps. Bailey and Holley on October 30, 2007, ten days before the incident. (*Id.*). Plaintiff has not demonstrated that the training or supervision of the deputies was inadequate. Therefore, a genuine dispute of material fact does not exist and summary judgment is **GRANTED** on Plaintiff's §1983 claim against Sheriff Gautreaux in his official capacity.

### C.   INDIVIDUAL CAPACITY CLAIMS

When a §1983 excessive force claim arises from an arrest, the claim is most properly analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To succeed, a plaintiff must show: "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Fennell v. Quintela*, 393 F. App'x 150, 154 (5th Cir. 2010) (citation omitted). While a "significant injury" is not required, the injury must be more than de minimis. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citation omitted). Additionally, the Fourth Amendment reasonableness inquiry requires courts to give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses

---

[5] POST is the Peace Officer Standards and Training Council, which provides various levels of law enforcement training in Louisiana. *See* Louisiana Commission on Law Enforcement and Administration of Criminal Justice, http://www.cole.state.la.us/programs/post.asp (last visited April 7, 2016).

an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citation and internal quotation marks omitted).

Defendants contend that Plaintiff does not satisfy the first factor because his injuries were de minimis. The Court disagrees. The medical records from November 9, 2007, the night of the incident, indicate that he had superficial abrasions on his left forearm and right foot, inflamed eye lids, a tender left zygoma,[6] and a periorbital contusion[7] on his left eye.[8] (*Id.* at pp. 10-11). On November 13, 2007, four days after the incident,[9] Plaintiff returned to the emergency room where the medical personnel noted a pain level of nine out of ten, drainage of a yellow fluid from his eye, high blood pressure, and monocular diplopia[10] in both eyes. (*Id.* at 4, 19). Additionally, the medical records noted that Plaintiff stated that he experienced trauma to the face on November 9, 2007, from being "kicked in [the] face and stomped about the head while in handcuffs." (*Id.* at 19, 22).

---

[6] The zygoma is the bone that forms the prominence of the lateral cheek. *See* G. Richard Braen, Manual of Emergency Medicine 53 (2012), *available at* https://books.google.com/books?id=CE4xCSaiAqwC&printsec=frontcover#v=onepage&q&f=false.

[7] A periorbital contusion is commonly referred to as a "black eye." *See id.* at 58.

[8] As Defendants correctly identified, the medical records also indicated that Plaintiff had normal vital signs, denied loss of consciousness, and claimed a zero out of ten pain level. (Doc. 47-10 at p. 15: Doc. 47-7, Henning Dep. 9:13-12:6).

[9] Defendants incorrectly state that the second visit was "approximately eight days after the incident." Doc. 47-2 at p. 18.

[10] Monocular diplopia is commonly referred to as "double vision." Braen, *supra* note 4, at 164–65.

8

Considering the record in the light most favorable to Plaintiff, the Court finds that Plaintiff's injuries were more than de minimis and consistent with his allegation that the deputies hit and kicked him in addition to using Tasers and Freeze +P spray. (*See* Doc. 47-11, Davis Dep. 81:12-14, 82:20-22; Doc. 1 at ¶ 8). Plaintiff's injuries were more than mere bruises from a Taser, *cf. Stanley v. City of Baytown, Texas*, No. CIV.A. H-04-2106, 2005 WL 2757370, at *6 (S.D. Tex. Oct. 25, 2005), or temporary irritation from Freeze +P spray, *cf. Bibbs v. Jones*, No. CIV.A. 11-1360, 2012 WL 1135584, at *2 (W.D. La. Apr. 4, 2012).

Furthermore, the parties have offered conflicting versions of the alleged facts. Sgt. Cooper testified during the criminal trial that the deputies used force to remove a plastic bag of cocaine from Plaintiff's mouth. (Doc. 47-5, Trial Tr. at 13-15). Specifically, Sgt. Cooper testified that he detected a bag of cocaine on the driver-side door of Plaintiff's vehicle during a traffic stop. (*Id.* at 10–11). Upon detecting the bag of cocaine, Sgt. Cooper allegedly threw the bag on the roof of the car and asked Plaintiff to step out of the vehicle and turn around with his hands behind his back. (*Id.* at 12–13). Sgt. Cooper testified that Plaintiff saw the bag on the roof of the car and placed it in his mouth before Sgt. Cooper was able to handcuff him. (*Id.* at 13).

As a result, Sgt. Cooper allegedly put his arm around Plaintiff's neck to prevent him from swallowing the deadly substance and the two fell to the ground. (*Id.* at 14–15). According to Sgt. Cooper, Plaintiff yelled that he couldn't breathe and tried to escape. (*Id.* at 19). Sgt. Cooper testified that the other deputies used Tasers and Freeze +P spray to force Plaintiff to spit out the bag of cocaine. (*Id.* at 17–20). Dep. Cooper also testified that a second bag of cocaine was recovered from the ground next

9

to the driver's door, and had he known of the existence of the second bag, he would have just "gone with that one" and he would not have put them all in danger. (*Id.* at 23).

Conversely, Plaintiff—without disputing his possession of cocaine—testified in his deposition that it was not possible for him to have placed the bag of cocaine in his mouth because he was already handcuffed at that time. (Doc. 47-11, Davis Dep. 59:12-18). Plaintiff testified that Sgt. Cooper handcuffed him and placed him in a choke hold from behind. (*Id.* at 81:1-17). Plaintiff also testified that he did not know which deputies hit and kicked him, or which deputies used the Tasers and Freeze +P spray.[11] (*Id.* at 81:18-82:10). Nevertheless, Plaintiff testified that he complied with all of the deputies' orders. (*Id.* at 82:20-22).

In sum, the Fourth Amendment reasonableness inquiry hinges on whether Plaintiff was handcuffed before or after force was applied, and whether Plaintiff had a bag of cocaine in his mouth.[12] Since the Court is not required to resolve such genuine disputes of material fact on summary judgment, summary judgment is **DENIED** on

---

[11] Sgt. Cooper, who was on the ground with Plaintiff, also testified that he was not able to see who used the Tasers. Doc. 47-5, Trial Tr. at 18, 20.

[12] If Plaintiff was not handcuffed, but was resisting arrest with a bag of cocaine in his mouth, the force applied by the deputies may have been objectively reasonable. *See Carroll v. Ellington*, 800 F.3d 154, 174–76 (5th Cir. 2015) (concluding that the use of Tasers and "strikes" to the plaintiff was reasonable when the plaintiff resisted arrest); *Ellis*, 2009 WL 1663454 at *5–6 (finding that holding the plaintiff's throat, pinching his nose, and employing Tasers was reasonable to retrieve a bag of cocaine from his mouth). However, if Plaintiff was handcuffed and did not have a bag of cocaine in his mouth, the force may have been objectively unreasonable under the circumstances. *See Doucet v. City of Bunkie*, 316 F. App'x 321, 322 (5th Cir. 2009) (affirming a lower court's ruling that the use of Freeze +P spray after the plaintiff was handcuffed was unreasonable); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (noting that the use of force after the plaintiff was handcuffed may have been unreasonable); *Backe v. City of Galveston, Tex.*, No. 10-CV-388, 2014 WL 794025, at *18 (S.D. Tex. Feb. 27, 2014) (finding that pepper spraying the plaintiff after he was handcuffed was objectively unreasonable).

Plaintiff's §1983 excessive force claim against the deputies in their individual capacities.

D. **PUNITIVE DAMAGES**

Punitive damages may be awarded under § 1983 when a "defendant's conduct involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Here, the disputed facts that precluded summary judgment on Plaintiff's excessive force claim also create a genuine dispute of material facts as to punitive damages. *See Curran v. Aleshire*, 67 F. Supp. 3d 741, 755 (E.D. La. 2014), *appeal dismissed*, 800 F.3d 656 (5th Cir. 2015). Accordingly, summary judgment is **DENIED** on Plaintiff's claim for punitive damages against the deputies in their individual capacities.

E. **STATE LAW CLAIMS**

Plaintiff asserts state law causes of action for assault, battery, negligence, and infliction of emotional distress. Plaintiff's assault and battery claims mirror his § 1983 excessive force claim, and similarly, genuine disputes of material facts exist. *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (finding that Louisiana's assault and battery claims against a law enforcement official mirrors their federal counterpart); *Curran*, 67 F. Supp. 3d at 753 (E.D. La. 2014) (denying summary judgment on the plaintiff's state law "excessive force / battery and assault" claims for the same reasoning assigned to the § 1983 excessive force claims).

Genuine disputes of material facts also exist on Plaintiff's negligence claim. To recover under the theory of negligence, Plaintiff must show that "(1) the Defendants' conduct was the cause in fact of the harm, (2) the Defendants owed a duty of care to

11

[Plaintiff], (3) the duty was breached, and (4) the risk was in the scope of harm afforded by the duty." *Batiste v. Theriot*, 458 F. App'x 351, 360 (5th Cir. 2012) (citing *Syrie v. Schilhab*, 693 So.2d 1173, 1177 (La. 1997)). Defendants owed a duty of care to Plaintiff as governmental actors, *N.S. v. City of Alexandria*, 919 F. Supp. 2d 773, 781 (W.D. La. 2013) (citing *Smith v. Lafayette Par. Sheriff's Dep't*, 2003-517 (La. App. 3 Cir. 4/21/04), 874 So. 2d 863, 868), but whether Defendants breached that duty is diametrically in dispute.

Lastly, a genuine dispute of material fact does not exist as to Plaintiff's intentional infliction of emotional distress claim. To establish this claim, Plaintiff must show "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *N.S.*, 919 F. Supp. 2d at 783 (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991)). Here, the record is devoid of evidence of any severe emotional distress. Therefore, summary judgment is **GRANTED** on Plaintiff's intentional infliction of emotional distress claim, and **DENIED** on Plaintiff's assault, battery and negligence claims.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 47)**, filed by Sheriff Gautreaux, Sgt. Cooper, Dep. Holley, Dep. Bailey, Dep. Jarreau and Dep. Knapp is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to

Plaintiff's §1983 claims against Defendants in their official capacities, and Plaintiff's state law claim for intentional infliction of emotional distress. It is **DENIED** as to Plaintiff's §1983 excessive force claim against the deputies in their individual capacities, §1983 claim for punitive damages, and state law claims of negligence and assault and battery.

**IT IS FURTHER ORDERED** that Plaintiff's intentional infliction of emotional distress claim and §1983 claims against Sgt. Cooper, Dep. Holley, Dep. Bailey, Dep. Jarreau and Dep. Knapp in their official capacities are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Sheriff Gautreaux is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 2nd day of May, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

13