# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DAVIS** | **CIVIL ACTION NO.: 08-CV-00708** |
| **VERSUS** | **JUDGE: BRIAN A. JACKSON** |
| **EAST BATON ROUGE SHERIFF'S OFFICE, ET AL** | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN ACTION

**NOW INTO COURT**, through undersigned counsel, come defendants, Sid J. Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish, James W. Cooper, Matthew G. Holley, Jacqueline Bailey, Devin Jarreau and John Michael Knapp, who oppose Plaintiff's Motion to Reopen Action – Settlement Not Consummated for the reasons set forth herein below.

Plaintiff, Joseph Davis, filed a Complaint against defendants, Sid J. Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish, James W. Cooper, Matthew G. Holley, Jacqueline Bailey, Devin Jarreau and John Michael Knapp, individually and in their official capacities as deputies on November 7, 2008, seeking to recover monetary damages as a result of the incidents surrounding his arrest on November 9, 2007.[1] This Court granted a Motion to Stay this matter while the underlying criminal proceedings were pending.[2] Plaintiff was convicted of the criminal charge of possession of cocaine on September 13, 2012 and was sentenced on March 15, 2013.[3] The parties submitted a Joint Report to the Court on September 19, 2014 indicating Plaintiff's desire to proceed with this litigation, and the parties thereafter engaged in discovery.[4]

---

[1] Rec. Doc. No. 1
[2] Rec. Doc. No. 26
[3] Rec. Doc. No. 47-3.
[4] Rec. Doc. No. 33

This Court issued a Scheduling Order on December 15, 2014, setting pretrial deadlines and assigning this matter for a jury trial on August 1-2, 2016.[5]

On April 29, 2016, the deadline for filing the final pretrial order, counsel for Plaintiff contacted undersigned counsel and submitted a settlement demand. Settlement negotiations were ongoing. Finally, as counsel for Plaintiff indicated in the Memorandum in Support of Motion to Reopen Action – Settlement Not Consummated, Plaintiff consented to and accepted Defendants' settlement offer.[6] Plaintiff counsel relayed that acceptance to undersigned counsel on July 5, 2016. Counsel for Plaintiff filed a Notice of Settlement on July 12, 2016, indicating this matter had amicably resolved.[7]

In light of the Notice of Settlement, Judge Brian A. Jackson signed an order dismissing this action without prejudice to the parties' right to, within 60 days and upon good cause shown, re-open this matter if the settlement is not consummated.[8]

On July 18, 2016, undersigned counsel forwarded to counsel for Plaintiff a Settlement, Receipt, Release and Indemnity Agreement, with customary terms and conditions as set forth in the written settlement offer, as well a check for the full amount of the negotiated settlement amount. On August 5, 2016, counsel for Plaintiff returned the check and settlement documents, indicating Plaintiff had reconsidered his decision to settle and resolve this matter.

Plaintiff subsequently filed the Motion to Reopen Action - Settlement Not Consummated, within the 60-day time limit provided by this Court in its July 13, 2016 Order.[9] As set forth in the supporting memorandum, parties entered into a settlement agreement, Defendants timely

[5] Rec. Doc. No. 35.
[6] Rec. Doc. No. 63-1.
[7] Rec. Doc. No. 61.
[8] Rec. Doc. No. 62.
[9] Rec. Doc. No. 63.

forwarded the settlement check and settlement documents pursuant to the agreement, Plaintiff filed a Notice of Settlement, and Plaintiff thereafter "changed his mind" about settlement.[10]

Defendants now oppose this Motion to Reopen Action – Settlement Not Consummated on the basis that Plaintiff has not, and cannot, show the requisite "good cause" to reopen this matter.

There is a valid and enforceable settlement agreement between all of the parties. In this case, Plaintiff has alleged violations of both federal and state law. However, the basis of original jurisdiction in this court is a federal statute and the state law claims are brought under the court's supplemental jurisdiction.

Under federal common law, the apparent authority of Plaintiff's attorney would prevent this settlement agreement from being voided without some evidence presented to rebut this authority. *Marchese v. Secretary, United States Department of the Interior,* 409 F.Supp.2d 763, 771 (E.D.La.2006) (Wilkinson, Mag. J.) ("[T]he attorney of record is presumed to have authority to settle his clients' case, and the burden to rebut this presumption falls on the clients who contend that their attorney had no such authority."), *citing In re Artha Mgmt. Inc.,* 91 F.3d 326, 328 (2d Cir.1996); *Anderson v. Flexel,* 47 F.3d 243, 249 (7th Cir.1995); *Michaud v. Michaud,* 932 F.2d 77, 80 (1st Cir.1991); *Greater Kan. City Laborers Pension Fund v. Paramount Indus.,* 829 F.2d 644, 645 (8th Cir.1987); *Mid-South Towing Co.,* 733 F.2d 386, 390 (5th Cir.1984); *Terrain Enters., Inc. v. Western Cas. & Sur. Co.,* 774 F.2d 1320, 1322 (5th Cir.1985)**.**

However, where the settlement agreement is based on a state law claim, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally. *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.,* 861 F.2d 1379, 1380 (5th Cir.1988); *quoting Lockette v. Greyhound Lines, Inc.,* 817 F.2d 1182, 1185 (5th Cir.1987). Under

---

[10] Rec. Doc. No. 63-1.

Louisiana law, however, a settlement agreement is binding and enforceable only when it is either reduced to writing or recorded at a hearing in open court, as was done in this case. *See* La. Civ. Code art. 3072. The Fifth Circuit has held that a sixty-day dismissal order, like the one issued in this case, satisfies the requirement that a settlement be in writing. *Mull v. Marathon Oil Co.,* 658 F.2d 386, 388 (5th Cir.1981); *see also Morrow v. Am. Bank & Trust Co.,* 397 F.Supp. 803, 810 (M.D.La.1975), *aff'd,* 547 F.2d 309 (5th Cir.1977) (holding "writing" requirement to be satisfied when plaintiff's attorney announced a case as settled). Furthermore, Louisiana law requires any settlement agreement to be explicitly agreed upon by the parties. "Although attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, attorneys may not enter into a binding agreement without their client's clear and express consent." *Tran v. Allstate Ins. Co.,* 806 So.2d 103, 106 (La.Ct.App. 4th Cir.2001), *quoting Dammann v. Molero,* 709 So.2d 344, 345 (La.App.Ct. 4th Cir.1998).

Plaintiff has not alleged that he did not consent to settlement, nor has he alleged that Defendants did not forward a settlement check and settlement documents pursuant to such agreement. Plaintiff has not conveyed any objections to the proposed Settlement, Receipt, Release and Indemnity Agreement and has not suggested any revisions thereto. Instead, Plaintiff admittedly "changed his mind" after accepting a settlement offer and refused to accept the settlement check and sign the corresponding settlement documents. The reason he changed his mind did not involve discovery of new evidence and had nothing to do with any of the defendants in the subject action. The reason involved the shooting of Alton Sterling by an unrelated law enforcement agency. The failure to consummate the settlement was due to Plaintiff arbitrarily changing his mind after accepting a settlement offer. This should not be deemed good cause.

**WHEREFORE**, defendants, Sid J. Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish, James W. Cooper, Matthew G. Holley, Jacqueline Bailey, Devin Jarreau and John Michael Knapp, respectfully pray that Plaintiff's Motion to Reopen Action – Settlement Not Consummated be denied.

Respectfully Submitted:

*s/ Tara L. Johnston*
MARY G. ERLINGSON (#19562)
TARA L. JOHNSTON (#28100)
CATHERINE S. ST. PIERRE (#18419)
**ERLINGSON BANKS, P.L.L.C.**
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70825
Telephone: (225) 218-4446

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum in Opposition to Plaintiff's Motion to Reopen Case was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record as follows:

Elton Heron
37218 Audubon Park Avenue
Geismer, LA 70734

And

Edmond Dwayne Jordan
P.O. Box 490
Brusly, LA 70719

Baton Rouge, Louisiana, this 16th day of September, 2016.

*s/ Tara L. Johnston*
Tara L. Johnston